■Chief Justice Robertson,
delivered the opinion of the court.
Wixwah Smith .covenanted, in 1813, -to pay to William Toms, $250, ‘‘■at the decision of a suit” then pending, in chancery, in the style of “Logan vs. Langford.5’
In 1828, Toms sued Smith on his covenant, averring in his declaration, that the suit in chancery had been dismissed without prejudice.
A demurrer to the declaration having been sustained, the circuit court rendered judgment against Toms.
As no objection to the declaration has been suggested, or can be perceived, unless the averment, that the suit had been dismissed without prejudice, be insufficient to show a cause of action; the only point, therefore, to be considered is, whether or not the averment is sufficient to show that a right of action had accrued.
Literally, the suit was decided when the bill was dismissed. That suit was ended. Toms was, so far as we know, or have a right to presume, a stranger to the suit; and there is nothing in the covenant which indicates that the contingency contemplated by the parties, was a decision of the suit on its merits. Not only was that suit decided, but another suit for the same cause may never have been and ni,t)- never be brought. Hi therefore, Toms has no cause of action, he may never have any, although the suit has been disposed of, and perhaps forever. No reasonable construction of the covenant can defeat his right of ad ion. *322 It there be any available objection to' his right, neither h16 covenant nor declaration shows it; and consequent-it should be pleaded or otherwise exhibited by the defendant.
Anderson, for plaintiff; Owsley, for defendant.-
Judgment reversed, and cause remanded, with instructions to overrule the demurrer to the declaration?,